UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PORFIRIO ARCHAGA, et al.,

                    Plaintiffs,

            -against-

CARDRONA, INC, et al.,

                    Defendants.
-----------------------------------------------------------------X

**ORDER**
CV 12-6047 (ARL)

**LINDSAY, Magistrate Judge:**

      Before the Court is the Joint Motion For Approval of Settlement and Dismissal with Prejudice of Claims.

      Rule 23(e) of the Federal Rules of Civil Procedure requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23 (e). To determine procedural fairness, "[t]he court must review the negotiating process leading up to the settlement . . . to ensure that the settlement resulted from an arm's length, good faith negotiation between experienced and skilled litigators." *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013) (citations omitted). In evaluating substantive fairness, the court considers the factors set forth in *Detroit v. Grinnell Corp.*:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *see Charron*, 731 F.3d at 247 (same). In addition, the court must determine whether the counsel fees sought in the settlement are fair and reasonable. In evaluating the reasonableness of an attorney's fees award, the court considers the factors set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000):

> (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of the representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.

*Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 86 n.2 (2d Cir. 2010)

(citations omitted).

In view of the foregoing, the parties are directed to appear for a fairness hearing on **March 25, 2014 at 2:00 p.m.**, at which they should be prepared to address these matters.

Dated: Central Islip, New York  
       March 17, 2014

SO ORDERED:

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge